Case 1:10-cv-01131-PLM Doc #1 Filed 11/15/10 Page 1 of 8 Page ID#1

FILED - GR
November 15, 2010 3:32 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald / ___ SCANNED BY /nlg 11/17

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Michael Christian,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Certegy Payment Recovery** )<br>**Services, Inc.,** a Georgia corp., )<br>)<br>Defendant. )<br>_____ ) | **1:10-cv-1131**<br>**Paul L Maloney**<br>**Chief U.S. District Judge** |

**Complaint**

**I.  Introduction**

1. This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.,* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**II.  Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.  Parties**

3. Plaintiff Michael Christian is a natural person residing in Kent County, Michigan. Mr. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC. Mr. Christian is a "person" as the term is defined and/or used in the TCPA.

4. Defendant Certegy Payment Recovery Services, Inc. ("Certegy") is a Georgia corporation, doing business in Michigan. The registered agent for Certegy in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Certegy uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Certegy regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Certegy is a "debt collector" as the term is defined and/or used in the FDCPA. Certegy is licensed (No. 2401001722) by the State of Michigan to collect debts in Michigan. Certegy is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC. Certegy is a "person" as the term is defined and/or used in the TCPA.

## IV. Facts

5. Mr. Christian obtained goods and/or services for personal, family or household purposes, on credit, from Pep Boys. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Apparently, Pep Boys that Mr. Christian failed to repay to Pep Boys a small debt the amount of $200.00.

7. Mr. Christian disputes the alleged debt.

8. Mr. Christian refuses to pay the alleged debt.

9. Apparently, Pep Boys hired Certegy to collect the disputed debt from Mr. Christian.

2

10. In the one-year period immediately preceding the filing of this complaint, Certegy placed multiple telephone calls to Mr. Christian's cellular telephone in efforts to collect the allged debt.

11. Certegy used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to make the described calls to Mr. Christian's cellular telephone.

12. Certegy used an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A) to make the described calls to Mr. Christian's cellular telephone.

13. Alternatively, Certegy initiated the described telephone calls to Mr. Christian's cellular telephone using an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(B) to deliver a message to Mr. Christian.

14. Certegy did not have an "established business relationship" with Mr. Christian within the meaning of 47 U.S.C. § 227(a)(4) when Certegy made the described call to Mr. Christian.

15. No telephone call made by Certegy to Mr. Christian was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. No telephone call made by Certegy to Mr. Christian was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(B).

17. Certegy did not obtain Mr. Christian's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A) to make a telephone call to Mr. Christian.

18. Certegy did not obtain Mr. Christian's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(B) to make a telephone call to Mr. Christian.

19. Mr. Christian did not provide his cellular telephone number to Pep Boys.

20. Mr. Christian did not provide his cellular telephone number to Pep Boys in connection with the transaction that resulted in the alleged debt which Certegy was attempting to collect from Mr. Christian.

21. In November 2010, Mr. Christian spoke by telephone with a female Certegy employee. The Certegy employee stated that she was attempting on behalf of Pep Boys to collect a debt from Mr. Christian. Mr. Christian repeatedly stated that he disputed the debt because he was not familiar with the debt and because he did not think he owed it. In the ensuing conversation, the Certegy employee made the following representations:

a) To dispute the debt, Mr. Christian was required to prove to Certegy that Mr. Christian did not owe the debt.

b) Mr. Christian could not dispute the debt by stating that he did not remember owing the debt.

c) To dispute the debt, Mr. Christian was required to claim forger or the like – simply stating that he did not remember owing the debt was not a dispute.

d) Mr. Christian was not allowed to dispute the debt by telephone. Rather, Mr. Christian was required to have a valid dispute and was required to put the dispute in writing.

e) It was not a dispute of the debt for Mr. Christian to state by telephone that he did not remember the debt.

22. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled

to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time during which a consumer may dispute a debt.

23. Certegy and its employee made false representations regarding Mr. Christian's rights to dispute the account and related debt.

24. Certegy failed to send Mr. Christian a timely and written notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g.

25. The acts and omissions of Certegy and its employees done in connection with efforts to collect a debt from Mr. Christian were done intentionally and wilfully.

26. Certegy and its employees intentionally and wilfully violated the FDCPA, MOC and TCPA.

27. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

V.    **Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

28.  Plaintiff incorporates the foregoing paragraphs by reference.

29.  Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d)   Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d)   Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

30.  Plaintiff incorporates the foregoing paragraphs by reference.

31.  Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

    c)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    d)    Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to M.C.L. § 339.916(2);

    b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

    d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Count 3 – Telephone Consumer Protection Act

32.    Plaintiff incorporates the foregoing paragraphs by reference.

33.    Defendant has violated the TCPA. Defendant's violations of the TCPA include, but are not necessarily limited to, the following:

    a)    Defendant violated 47 U.S.C. § 227(b)(1)(A); and

    b)    Defendant violated 47 U.S.C. § 227(b)(1)(B).

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages or $500.00 for each violation, whichever is greater, pursuant to

        47 U.S.C. § 227(b)(3)(B); and

b)    Treble actual damages or $1,500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(C).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: November 15, 2010

*[signature]*

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com